LAMBOY, DEMANDANTE Y APELANTE, *v.* SOLO ET AL.,
DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre nulidad de expediente de dominio y venta de finca.

No. 2458.—Resuelto en julio 26, 1921.

INSPECCIÓN OCULAR.—Cuando si bien los resultados de una inspección ocular practicada con conocimiento y en presencia de ambas partes no se han consignado en acta levantada al efecto, se consignan en los *findings of facts,* los fines de la ley se han cumplido por la corte.

NULIDAD DE EXPEDIENTE DE DOMINIO Y DE VENTA—PRUEBA SUFICIENTE—SENTENCIA SOSTENIDA POR LA PRUEBA.—Examinados los hechos declarados probados por la corte en la presente acción de nulidad de título y de venta, los cuales se transcriben en la opinión, es necesario concluir que la sentencia está sostenida por la prueba.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. F. Otero Rivera.*

Abogado de los apelados: *Sr. J. Sabater.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Convenimos con los apelados en que si bien la apelante alega haberse cometido dos errores, uno de ley otro de hecho, el caso en conjunto gira realmente sobre cuestiones de hecho, en otras palabras, si la sentencia estuvo sostenida por la prueba. La apelante incidentalmente se opone a que la corte practique una inspección ocular sin levantarse un acta de la misma, pero el resultado de esta inspección aparece claramente expresado en los hechos declarados proba-

dos por la corte. Tal inspección fué practicada con el consentimiento de ambas partes y si la apelante hubiera deseado que el resultado de ella fuese incorporado a la exposición del caso, o pliego de excepciones, o hecho en otra forma, debió ella haberlo solicitado en la corte inferior. Nos inclinamos, sin embargo, al parecer de que la incorporación de la inspección ocular en los hechos declarados probados por la corte cumplió con los fines de la ley.

Los hechos declarados probados por la corte son los siguientes:

"El día 30 de noviembre de 1920 se llamó este caso para juicio, compareciendo la demandante por su abogado Lcdo. Francisco Otero Rivera y los demandados por el suyo Lcdo. José Sabater y anunciaron estar listos para juicio, procediéndose a su celebración.

"La corte, después de oir las alegaciones y la prueba practicada, a solicitud de los abogados de ambas partes, dispuso que se practicara una inspección ocular del solar y casa en controversia, cuya inspección se realizó el día ——— de ————, 1921, estando presente la corte y los abogados de ambas partes y sometido el caso a su decisión, se reservó su resolución hasta hoy ——— de febrero de 1921, y en este día encuentra y resuelve, que se han probado los siguientes hechos:

"1. Que en 31 de marzo de 1915, Monserrate Cintrón, esposa de Pedro Arán hipotecó al demandado Antonio Solo Botet la finca siguiente:

"'Casa y solar con azotea y balcón radicada en la calle de Oriente de esta ciudad de 10 metros 3 centímetros de frente por 14 metros 21 centímetros de fondo, con su solar de 12 metros 53 centímetros de frente por 15 metros 4 centímetros de fondo; lindante por el (Norte) Sur con casa y solar de Amelia Arroyo antes Juana Badía; por la izquierda con casa de Teresa Mató antes de Agustín Ibern, o sea al Norte; por la espalda Este con el propio Ibern antes terrenos de Eugenio Cuevas y por el frente con la calle de Oriente en que radica.'

"La cabida superficial del solar descrito según cálculo es de 188 metros 45 centímetros y 12 milímetros.

"2. Que por escritura de 19 de abril de 1918 ante el notario Lcdo. Mariano Riera Palmer, Monserrate Cintrón vendió a Julio Otero Ri-

vera, la finca anteriormente descrita con idéntica descripción, colindancias y medida; en cuya escritura se hizo constar que sobre la misma finca pesa una hipoteca a favor del demandado Antonio Solo Botet por la suma de $800, y la venta se inscribió a favor del comprador Julio Otero en el Registro de la Propiedad de Mayagüez al folio 124 del tomo 105 de Mayagüez, finca No. 1493, Insc. 23, con el defecto subsanable de no expresarse la medida superficial del solar.

"3. Que por escritura de 27 de junio de 1918, la propia Monserrate Cintrón, vendió a la demandante Teresa Lamboy, ante el notario Lcdo. Mariano Riera Palmer, la siguiente finca:

" 'Solar radicado en el barrio de Salud, calle de Oriente de esta ciudad, colindante al Norte con propiedad de Teresa Mató y Agustín Ibern; por el Sur con otra de Adolfo Robert; al Este con finca del propio Robert y Dolores Ortiz y por el Oeste con casa y solar de Monserrate Cintrón. Mide 12 metros 53 centímetros de frente por 19 metros 34 centímetros de fondo.'

"La escritura de compra fué inscrita en el Registro de la Propiedad de Mayagüez, al folio 224 del tomo 115 de Mayagüez, finca No. 4531, incripción 2da. con el defecto subsanable de no expresarse la medida superficial del solar.

"4. Que por escritura de 10 de agosto de 1920, ante el notario Lcdo. José Sabater, la finca descrita en el párráfo primero de estos *findings,* en vista de que la casa enclavada en el solar había sido destruída por el terremoto de 11 de octubre de 1918, su dueño entonces Julio P. Castro, la adjudicó en pago de parte de la hipoteca referida al demandado Antonio Solo Botet.

"5. Que Antonio Solo Botet, el demandado, tramitó ante esta corte un expediente de dominio, que fué aprobado, sobre la siguiente finca:

" 'Solar radicado en la calle de Oriente de esta ciudad, que mide una superficie cuadrada de 269 metros 77 centímetros, y colinda al Norte con casa y solar de Teresa Matós; al Sur solar de Adolfo Robert antes hoy su sucesión; al Este terrenos de la sucesión Eugenio Cuebas; y al Oeste con solar y casa del promovente Antonio Solo.'

"Hace constar en dicho expediente dicho demandado, que adquirió dicho solar por compra que en adjudicación de pago le hiciera Julio P. Castro por escritura de 5 de junio de 1919, que Castro la hubo por compra a Julio Otero por escritura de 15 de julio de 1918 y Otero la hubo por compra a Monserrate Cintrón en 19 de abril de

1918, y ésta la adquirió por herencia de su padre Fernando Cintrón que falleció en 1908, dejando como únicos herederos a Monserrate Cintrón, Fernando y Ricardo Cintrón, los cuales cedieron sus respectivas participaciones a la coheredera Monserrate Cintrón por título de venta en 1911.

"6. Que al practicar la corte la inspección ocular de la propiedad que alegan los demandados es del demandado Salvador Guerra actualmente, encontró que la casa de mampostería con azotea y balcón que se describe en el párrafo primero de estos *findings*, ocupa todo el frente de la propiedad y está constituída por un cuerpo principal de la casa y un martillo que llega hasta el fondo de todo el solar, que está rodeado de murallas de mampostería y desde el cuerpo principal de la casa hasta el fondo en dirección Oeste a Este, y entre el martillo hasta el fondo de la muralla del lado Norte existe un patio que forma parte de la casa. La casa ha sido gravemente averiada por el terremoto y está inhabitable; y se ve claramente que su construcción data de mucho tiempo y que todo el edificio, o sea el cuerpo principal de la casa y el martillo, junto con el patio del mismo y el suelo en que está enclavado, forma una sola finca o propiedad, que fué lo que adquirió el demandado Antonio Solo, quien promovió el expediente de dominio por el exceso de cabida que resultó tener el solar en realidad comprado con las medidas de frente, y fondo que resulta de la documentación.

"CONCLUSIÓN.

"Y en virtud de tales hechos probados, la corte llega a la conclusión de que la finca en controversia que es hoy del demandado Salvador Guerra, está constituída por la casa compuesta del cuerpo principal y el martillo, el patio y la parte del solar que ocupa, que la cabida total que se forma de los 188 metros 45 centímetros 12 milímetros que resultan de la escritura del demandado Antonio Solo Botet, por multiplicación de su frente y fondo y del expediente de dominio que se hizo del exceso de la cabida por 269 metros 77 centímetros; habiendo vendido dicha finca originariamente Monserrate Cintrón sin expresar la medida superficial del total de la cabida del solar, que está todo cercado de murallas de mampostería por los lados del Norte y el fondo Este, y poseyendo dicha finca todos los anteriores dueños hasta llegar al demandado Guerra, como un solo cuerpo de propiedad, debiendo registrarse una sentencia desestimando en todas sus partes la demanda de la actora con las costas. Mayagüez, febrero 11 de 1921.''

Ahora bien aunque la demandante presentó prueba documental tendente quizás a demostrar un título a su favor de la propiedad en cuestión, sin embargo la corte, como hemos visto, declaró probado que el terreno o casa ocupado por el demandado era un sólo cuerpo de propiedad y así lo había sido por un largo período de tiempo.

La conclusión de la corte es compatible con un título original en el demandado o que un título adquirido por prescripción había surgido, lo cual es una de las defensas levantadas por el apelado. El último resultado está justificado por la prueba suponiendo que originalmente los causantes tomaron posesión de más terreno o de una casa que no estaba estrictamente comprendida en las colindancias descritas en los títulos.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.